### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:22-cr-198 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL WILLAMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### OPINION AND ORDER

Michael Willaman pled guilty to one count of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846.  At sentencing, the advisory guideline range was 57 to 71 months, reflecting a total offense level of 25 and a criminal history category I.  (ECF No. 68, PageID #455.) Based on the factors under 18 U.S.C. § 3553(a)(1), the Court imposed a sentence of 57 months, with credit for time served.  (ECF No. 67.)

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, Mr. Willaman, acting *pro se*, filed a motion for a reduction in his sentence.  (ECF No. 71.)  On February 20, 2024, the Court appointed counsel for Mr. Willaman.  No supplement was filed by appointed counsel, and the United States did not file a response to the motion.

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the Sentencing Guidelines.  First, the Court must consider the scope of the reduction authorized by the amendment, and

then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3582(a), which requires application of the factors set out in Section 3553(a). *Dillon v. United* States, 560 U.S. 817, 827 (2010).

Mr. Willaman seeks a reduction in sentence under Part B of Amendment 821, which applies where an offender had zero criminal history points and meets certain other criteria listed in Section 4C1.1. (ECF No. 71, PageID #463.) But Mr. Willaman is not a zero-point offender. He received one criminal history point for a prior conviction in 2011, under Section 4A1.1(c). (ECF No. 51, PageID #341.) Because Mr. Willaman has not met the eligibility criteria under Section 4C1.1(a)(1), he is ineligible for a sentence reduction based on Part B of Amendment 821 concerning zero point offenders. For the same reason, the Court declines to proceed to the second step of evaluating whether a reduction in his sentence is justified under 18 U.S.C. 3553(a).

For these reasons, the Court denies Mr. Willaman's motion to reduce his sentence (ECF No. 71).

**SO ORDERED.** Dated:  March 19, 2024

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio